UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILDRED McCLENDON,

    Plaintiff,

v.                                                       CASE NO.: 8:10-cv-2285-T-23EAJ

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____/

**ORDER**

      The plaintiff sued (Doc. 2) in state court for a violation of the Florida Consumer Practices Act, Section 559.55, Florida Statutes, and the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Florida Statutes ("FDUTPA"). The complaint (Doc. 2), which involves a mortgage loan agreement signed by both the plaintiff and her husband, alleges that the defendant violated FDUTPA by advancing, servicing, and foreclosing a loan that violates the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"). The defendant removes (Doc. 1) and alleges federal jurisdiction under 28 U.S.C. § 1331 based on the plaintiff's asserting a violation of HOEPA. The plaintiff moves (Doc. 5) for remand and files an amended complaint (Doc. 4), which eliminates each allegation as to the loan's violating HOEPA. The defendant responds (Doc. 10) in opposition to remand and moves (Doc. 9) to dismiss the amended complaint.

      The "well-pleaded complaint rule" determines whether a claim "arises under" federal law. Under the rule, federal jurisdiction depends upon the plaintiff's presenting a

federal question on the face of a properly pleaded complaint. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002). "The plaintiff [is] the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," even if a federal claim is also available. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). See Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6 (1986) (finding that "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced.") (citing Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to"); The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon"); and United States v. Mottaz, 476 U.S. 834, 850 (1986)).

Federal question jurisdiction may exist and support removal "'if a substantial, disputed question of federal law is a necessary element of a state cause of action.'" Salav v. Boyland Auto Orlando, LLC, 2008 WL 254127, *4 (M.D. Fla. 2008) (Fawsett, J.) (quoting Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998)). However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow, 478 U.S. at 813. In a limited number of cases, federal question jurisdiction exists, "if a plaintiff's 'claim will be supported if the federal law is given one construction or effect and defeated if [the federal law] is given another [construction or effect].'" Generally, however, no federal question jurisdiction exists if federal law "'is merely set up by the state as a criterion by which to decide a state law question.'" 2008 WL 254127 at *4 (quoting Mobil Oil Corp. v. Coastal

Petroleum Co., 671 F.2d 419, 422 (11th Cir. 1982)).  Thus, "[t]he fact that part of the state statutory scheme requires some analysis of federal law . . . is insufficient to invoke federal jurisdiction."  Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994) (declining to find federal jurisdiction based on the state statutory section that incorporated a portion of the Securities Exchange Act of 1933 because the complaint contained "no express allegation" that the defendant violated federal securities law); Cook v. Chrysler Credit Corp., 174 B.R. 321, 325-26 (M.D. Ala. 1994); see also Frishkorn v. Lake County Chrysler, Inc., 2006 WL 2970236, *2 (N.D. Ohio 2006) ("A complaint's fleeting reference to federal law—either to provide the applicable standard of care or additional evidence of a state law violation—does not create a federal question."); Greene v. General Motors Corp., 261 F. Supp. 2d 414, 418 (W.D. N.C. 2003); Kravitz v. Homeowners Warranty Corp., 542 F. Supp. 317, 319 (E.D. Pa. 1982).

In this action, the original complaint alleged that the defendant violated FDUTPA by advancing, servicing, and foreclosing a loan that violates HOEPA.[1]  The plaintiff's relying on a federal standard as additional support for a state law violation creates no federal question.[2]  Furthermore, the amended complaint eliminates each allegation based on HOEPA.  Accordingly, because neither the original nor the amended complaint presents a question of federal law, the plaintiff's motion (Doc. 5) to remand is **GRANTED**, and this case is **REMANDED** for lack of subject matter jurisdiction.  The

---

[1] The express purpose of FDUTPA is "[t]o make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection." Fla. Stat. § 501.202(3).

[2] See Mackillop v. Parliament Coach Corp., 2009 WL 3430072 (M.D. Fla. 2009) (Merryday, J.).

Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Sarasota County and (2) close the case.

ORDERED in Tampa, Florida, on November 9, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE