UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILDRED McCLENDON,

     Plaintiff,

v.                               CASE NO.: 8:10-cv-2285-T-23EAJ

NATIONSTAR MORTGAGE, LLC,

     Defendant.

_____/

## **ORDER**

On October 12, 2010, the defendant removed (Doc. 1), and on October 20, 2010,

the plaintiff moved (Doc. 5) to remand.  A November 9, 2010, order (Doc. 11) finds that

the plaintiff's relying on a federal standard as additional support for a state law violation

creates no federal question[1] and grants the motion (Doc. 5) to remand.  The plaintiff

moves (Doc. 12) for an award of attorney's fees,[2] and the defendant responds (Doc. 13)

in opposition.

Martin v. Franklin Capital Corp., 546 U.S. 132, 138-42 (2005), provides the

standard for an award of attorney's fees under 28 U.S.C. § 1447(c) and states that "[t]he

appropriate test for awarding fees under [Section] 1447(c) should recognize the desire

to avoid removals sought for the purpose of prolonging litigation and imposing costs on

---

[1] See Mackillop v. Parliament Coach Corp., 2009 WL 3430072 (M.D. Fla. 2009).

[2] The plaintiff's motion (Doc. 5) requested an award of attorney's fees and costs but provided neither argument nor legal authority in support of the request.  Neither the defendant's response in opposition (Doc. 10) nor the order (Doc. 11) granting the motion to remand evaluate the request.

the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  Thus, the standard for awarding fees "should turn on the reasonableness of the removal," and, absent unusual circumstances, an award of fees is warranted only if "the removing party lacked an objectively reasonable basis for seeking removal."  546 U.S. at 141; see also Devine v. Prison Health Serv., Inc., 212 F. App'x 890, 892 (11th Cir. 2006) (finding, based on Martin, that "there is no presumption in favor of the award of fees and costs upon the grant of remand for improvident removal.").

In this action, the plaintiff argues neither (1) that the defendant, in removing, sought to prolong litigation or impose costs on the plaintiff nor (2) that the defendant lacked an objectively reasonable basis for seeking removal.  A review of the defendant's papers reveals a serious lack of diligent inquiry into the precedent in the Eleventh Circuit on the removal of an action asserting a state law violation, that, in turn, depends upon the standard for a federal law violation.[3]  Nonetheless, the defendant cites

---

[3] The complaint (filed in state court) alleged a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") based (in part) on the defendant's advancing, servicing, and foreclosing a loan, certain provisions of which failed to accord with a standard articulated in the federal Home Ownership and Equity Protection Act ("HOEPA").  FDUTPA's express purpose is "[t]o make state consumer protection and enforcement consistent with established policies of federal law relating to consumer protection," by incorporating federal standards into state consumer protection law.  Fla. Stat. § 501.202(3); Mackillop v. Parliament Coach Corp., 2009 WL 3430072 (M.D. Fla. 2009) (holding that, although incorporation of a federal standard in FDUTPA requires an analysis of federal law, no substantial question of federal law exists).  FDUTPA's incorporating a federal standard fails to render a FDUTPA claim alleging (in part) the breach of a federal standard sufficient to support federal jurisdiction.  Mackillop, 2009 WL 3430072.

In fact, fifteen years before Mackillop, Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994), unambiguously finds that "[t]he fact that part of the state statutory scheme requires some analysis of federal law . . . is insufficient to invoke federal jurisdiction."  See Moore v. Chesapeake & O Ry. Co., 291 U.S. 205, 214-15 (1934) (finding that an action under a state statute that defines employer liability and "brings within the purview of the statute a breach of a duty imposed by the federal statute" effects no change in the state law character of the action); Mobil Oil Corp. v. Coastal Petroleum, 671 F.2d 419, 422 (11th Cir. 1982) (Tjoflat, J.); Salav v. Boyland Auto Orlando, LLC, 2008 WL 254127, *4 (M.D. Fla. 2008)

(continued...)

(Doc. 10) applicable precedent that provides the defendant an "objectively reasonable,"
although remote and attenuated, basis for removal.  Accordingly, the plaintiff's motion
(Doc. 12) for attorney's fees is **DENIED**.

ORDERED in Tampa, Florida, on December 17, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
(Fawsett, J.); Jeffries v. Sunrise Hotel Corp., 2008 WL 4951600, *1 (S.D. Fla. 2008).  Therefore, the
plaintiff's amending the complaint to remove any reference to the federal standard in HOEPA is irrelevant,
because the original complaint undoubtedly presented no substantial question of federal law as instructed
in Moore, Hill, Coastal Petroleum, Mackillop, and Salav.